UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | CRIMINAL NO. |
| V. | § § | |
| JULIAN KIMBLE | § § | 18 U.S.C. § 2 18 U.S.C. § 1349 |
| Defendant | § § § | 18 U.S.C. § 1956(h) 26 U.S.C. §7201 |

CRIMINAL INFORMATION

United States District Court
Southern District of Texas
FILED

OCT 2 5 2011

David J. Bradley, Clerk of Court

The United States Attorney charges:

## COUNT ONE

(Conspiracy to commit Health Care Fraud  – 18 U.S.C. § 1349)

From in or about March 2008 through in or about December 2010, in the Southern District of Texas, the defendant,

**JULIAN KIMBLE,**

did knowingly, intentionally, and willfully combine, conspire, and agree with others known and unknown to the grand jury, to commit, and aid and abet in the commission of certain offenses against the United States, namely to violate the Health Care Fraud statute, that is, to knowingly and willfully execute and attempt to execute, a scheme and artifice: to (1) defraud health care benefit programs, namely Medicare; and to (2)

obtain, by means of material false and fraudulent pretenses, representations, and promises, money and property owned by, or under the custody and control of, a health care benefit program, namely Medicare; in connection with the delivery of and payment for health care benefits, items and services, namely, basic life support ambulance transports, in violation of Title 18, United States Code Section 1347.

## COUNT TWO
### (Conspiracy to commit Money Laundering – 18 U.S.C. §1956(h))

From in or about August 2010 through in or about December 2010, in the Southern District of Texas, the defendant,

### JULIAN KIMBLE,

did knowingly, intentionally, and willfully combine, conspire, and agree with others known and unknown to the grand jury, to commit, and aid and abet in the commission of certain offenses against the United States, namely to violate in violation of Title 18, United States Code, Section 1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, health care fraud, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such

financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and 18 U.S.C. § 1349.

**All in violation of Title 18, United States Code, Section 1956(h).**

## COUNT THREE
### (Tax Evasion – 26 U.S.C. § 7201)

That in or about September 2006, in the Southern District of Texas, the defendant,

**JULIAN KIMBLE**

did willfully attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar year 2003 by filing and causing to be filed with the Director, Internal Revenue Service Center, a false and fraudulent U.S. Individual Income Tax Return, Form 1040. In that false return, the defendant stated that his taxable income for the calendar year 2003 was the sum of approximately less than $200,000, with business expenses far exceeding his income; and that the amount of tax due and owing thereon was the sum of $0. In fact, as he then and there knew, his taxable income for the calendar year was the sum of approximately $2,000,000, upon which taxable income there was owing to the United States of America an income tax of approximately $329,310.

**In violation of Title 26, United States Code, Section 7201.**

## NOTICE OF CRIMINAL FORFEITURE

Pursuant to Title 18, United States Code, Section 982(a)(7), as a result of the commission of a violation of the offense set forth in Count One of the Indictment, defendant

## JULIAN KIMBLE

shall forfeit to the United States of America all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses, including, but not limited to, a money judgment for the full amount of the conspiracy charged in Count One in the approximate amount of $968,583.58 in United States currency.

Pursuant to Title 18, United States Code, Section 982(a)(7), as a result of the commission of a violation of the offenses set forth in Count One of the Criminal Information, defendant

## JULIAN KIMBLE

shall forfeit to the United States of America all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses, including, but not limited to, a money judgment for the full amount of the scheme charged in Count One in the approximate amount of $3,676,093.42 in United States currency.

## SUBSTITUTE ASSETS

In the event that the property subject to forfeiture as a result of any act or omission of the defendant:

    a.    cannot be located upon exercise of due diligence;

    b.    has been placed beyond the jurisdiction of the Court;

    c.    has been transferred or sold to, or deposited with a third party;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property pursuant to Title 21, United States Code, Section 853(p) incorporated by Title 18, United States Code, Section 982(b)(1).


**KENNETH MAGIDSON**
**UNITED STATES ATTORNEY**

By:

_____
Justo A. Mendez
Special Assistant U.S. Attorney